J-A18017-22

2022 PA Super 210

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRUTH SHYDEE WILSON | : | |
| | : | |
| Appellant | : | No. 918 WDA 2019 |

Appeal from the Judgment of Sentence Entered May 22, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0004689-2018

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

OPINION BY MURRAY, J.:                    **FILED:  December 9, 2022**

This case is before us on remand from the Pennsylvania Supreme Court.[1]  ***See Commonwealth v. Wilson***, 272 A.3d 446 (Pa. 2022) (remanding for consideration of ***Commonwealth v. Raboin***, 258 A.3d 412 (Pa. 2021), and "to address whether the forensic interview was admissible under the tender years exception to the hearsay rule.").  After careful consideration, and mindful of the Supreme Court's directive, we affirm.

Truth Shydee Wilson (Appellant) is appealing the judgment of sentence imposed after a jury convicted him of rape of a child and related offenses. Briefly,

> Appellant was arrested and charged with various sexual offenses
> based on his abuse of [the Victim], the eight-year-old son of his

---

[1] The prior decision was issued by a different panel of this Court.  ***See Commonwealth v. Wilson***, 240 A.3d 918 (Pa. Super. Ct. Sept. 10, 2020) (unpublished memorandum), ***appeal granted, order vacating***, 272 A.3d 446 (Pa. 2022).

live-in girlfriend. [The Victim] reported that Appellant put his penis inside [the Victim's] rectum approximately four to six times when [the Victim] was seven and eight years old. [The Victim] did not immediately report the abuse, but did so after his mother and Appellant ended their relationship and Appellant moved out of their home. There was no physical evidence to confirm [the Victim's] allegations of abuse.

**Commonwealth v. Wilson**, 240 A.3d 918 (Pa. Super. Sept. 10, 2020) (unpublished memorandum at *1).

## **Procedural History**

On May 4, 2018, the Commonwealth charged Appellant with rape of a child, unlawful contact with a minor, indecent assault of a complainant less than 13, endangering the welfare of a child, and corruption of a minor.[2] On August 7, 2018, the Commonwealth filed notice of its intention to introduce into evidence video of a forensic interview of the Victim pursuant to the tender years exception, 42 Pa.C.S.A. § 5985.1. Appellant did not file a response.

On November 7, 2018, the trial court held a status conference. The following exchange occurred:

> [Defense Counsel]: In light of the filing of **the tender years motion**, we're requesting the Commonwealth provide us with a copy of the forensic interview.
>
> * * *
>
> [The Commonwealth]: Any time [Defense Counsel] would have like [*sic*] to come and view it, I'll make any overt accommodation that I can[.]

---

[2] 18 Pa.C.S.A. §§ 3121(c), 6318(a)(1), 3126(a)(7), 4304(a)(1), and 6301(a)(1)(i).

- 2 -

* * *

[Defense Counsel]: [Appellant] has not seen the forensic interview, so I'd like him to be brought over and view it.

[Trial Court]: Bring him over.

N.T., 11/7/18, at 3-5 (emphasis added).

The issue of the video came up a second time on February 22, 2019, immediately prior to *voir dire*. The Commonwealth repeated its intention to admit the video pursuant to the tender years exception. N.T., 2/22/19, at 8, 11. Thereafter, the parties agreed that prior to trial, the court would conduct a hearing to assess the Victim's competency, and whether the Victim would testify by "contemporaneous alternate means." *Id.* at 10-11.

The trial court held an *in camera* hearing on February 25, 2019. While discussing whether the Victim would testify by alternate means, Defense Counsel expressed concern about the Victim "breaking down" on the stand, stating: "When that happens, **under tender years**, does the forensic interview still come in? And if it does, then I mean, that doesn't benefit the defense at all." N.T., 2/25-26/19, at 33 (emphasis added). Defense Counsel argued, "[w]e are presuming [Appellant] is innocent here at this point. Playing the forensic interview, I believe, would essentially curtail his ability **to confront his accuser**." *Id.* (emphasis added). The Commonwealth responded:

We have supplied notice and the fact that there was an interview given, and that demonstrated our intent to proceed with the

material from that interview. . . . I don't believe the [V]ictim wavering on direct would ultimately hamper the Commonwealth's ability to proceed under tender years, which to be fair the tender years doctrine is specifically there for a case of child sexual assault and the effect that providing an account of these types of materials has on someone of tender years, of that age range.

For that reason, I don't believe it would disturb the Commonwealth's ability to proceed under that doctrine.

*Id.* at 34-35.

Defense Counsel replied:

I understand what you're saying. I read like a binder full of cases this weekend trying to wrap my head around it. **This tender years exception seems to fly in the face of the Sixth Amendment**.

I understand why the rules are bent or twisted to allow this recorded testimony to be played but **it still does significantly hamper his constitutional right**. So I'm in a position where I don't know if I'm trying to fight between the lesser of two evils or trying to pick between if something goes wrong on the stand, he collapses up in front of the jury, then you are able to play the tender years forensic interview anyway. It will have a worse effect on my client's case.

*Id.* at 35 (emphasis added).

Ultimately, the parties agreed the Victim would testify by "contemporaneous alternate method," *i.e.*, by telecast in chambers rather than the courtroom, pursuant to 42 Pa. C.S.A. § 5985. *Id.* at 38-40. The trial court did not rule on whether the forensic interview was admissible under the tender years exception.

Trial began on February 25, 2019. The Victim testified, and during cross-examination, **Defense Counsel brought up the forensic interview**:

- 4 -

Q: [Defense Counsel] ... Now, you said today, to [the Commonwealth during direct-examination], that [Appellant] never, never said he would hurt anyone, right?

A: [Victim] I never remember saying that.

Q: Okay. Did [Appellant] ever threaten to hurt someone?

A: No.

Q: Okay. So ... **do you remember going to an interview where there was a glass wall?**

A: Yeah.

Q: And did you tell those people that [Appellant] threatened to hurt you?

A: No.

Q: **You don't recall saying that [Appellant] will hurt your mother if you told someone about it?**

A: No.

Q: Because he never said that, right?

A: No.

Q: **You told the people at the interview at the time** that's not true, right?

A: I never said that.

Q: Okay. **Are there other things that you said during that interview that are not true**?

A: No.

N.T., 2/25-26/19, at 90-91 (emphasis added).

The Commonwealth thereafter sought to admit the video recording of the forensic interview through the testimony of Detective Don Oesterle:

[The Commonwealth]:  **Very briefly, based on the defense's cross-examination of the [V]ictim in this case, it would be my argument that the door has been opened to the forensic interview in this case.  I'd just ask for an evidentiary ruling at this time based on my intent to do that**.

[Defense Counsel]:   I would object to playing the forensic interview.  I certainly have reviewed case law.  **I understand the tender years exception to the hearsay rule.  However, I think it is directly contradictory to my client's Sixth Amendment right to confront the witnesses against him.**  These are out-of-court statements.  I will not have an opportunity to cross-examine the statements.  **So I think basically this is just an improper bolstering of the Commonwealth's case, and it significantly hinders my client's ability to defend himself.**

[The Trial Court]:  I am going to allow it.  **You did, in fact, use the statements that he made**, specifically didn't you say that [Appellant] —

[Defense Counsel]:  Threatened.

[The Trial Court]:  So **I'm going to allow it, because then the statements that the child made in the forensic interview will be taken in the context of the interview**.

*Id.* at 113-14 (emphasis added).  The video was played for the jury.

On February 26, 2019, the jury convicted Appellant of all charges.  On May 22, 2019, the trial court sentenced Appellant to an aggregate 30 - 60 years in prison.  Appellant timely appealed and complied with the trial court's order directing him to file a Pa.R.A.P. 1925(b) statement.  Pertinently, Appellant argued:

The [t]rial [c]ourt abused its discretion in allowing the Commonwealth to play the video of the [Victim's] forensic interview under the Tender Years exception.  The [t]rial [c]ourt did not explicitly find, in an *in camera* hearing, that the evidence contained in the video was relevant, and that there were sufficient

- 6 -

indicia of reliability, as 42 Pa.C.S.A. § 5985.1(a)(1)(i) requires. Additionally, playing the video amounted to improper bolstering and violated [Appellant's] right to confront and cross witnesses under the Sixth Amendment of the U.S. Constitution and Article I, Section 9 of the Pennsylvania Constitution.

Concise Statement of Errors Complained of on Appeal, 9/16/19, at 3 (unnumbered).

The trial court filed a Rule 1925(a) opinion in response, stating:

Appellant incorrectly asserts [the trial court] admitted the forensic interview under the tender years exception. [The trial court] admitted the video under Pa.R.E. 106, consistent with the Superior Court of Pennsylvania's ruling in **Commonwealth v. Bond**, 190 A.3d 664 (Pa. Super. 2018).

Trial Court Opinion, 9/19/19, at 5.

On September 10, 2020, this Court issued an unpublished memorandum affirming the trial court. **See Wilson**, 240 A.3d 918 (unpublished memorandum at *4). The panel found no abuse of discretion by the trial court in admitting the video under Pa.R.E. 106 (providing if a party "introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."). **Id.** The panel did not address Appellant's argument that the video was inadmissible under the Tender Years Act, "given our conclusion that the court properly admitted the video under Rule 106." **Id.** at *7 n.1.

Appellant petitioned for allowance of appeal. On February 1, 2022, the Pennsylvania Supreme Court issued a per curiam order granting allowance of

appeal and vacating this Court's order. ***Commonwealth v. Wilson***, 272 A.3d 446 (Pa. 2022). The Supreme Court remanded "to the Superior Court for consideration in light of ***Commonwealth v. Raboin***, --- Pa. ----, 258 A.3d 412 (Pa. 2021)," and further directed this Court to "address whether the forensic interview was admissible under the tender years exception to the hearsay rule." ***Id.*** The case was returned to the original panel following remand. However, Appellant filed an application for oral argument, which we granted by per curiam order on April 21, 2022. The order provided for relinquishment of the original panel's jurisdiction, and listed the case for oral argument before this panel.

## Issue

Appellant presents the following issue for review:

Did the trial court abuse its discretion in admitting the entire recording of [the Victim's] forensic interview into evidence during Detective Oesterle's direct examination, as neither the requirements for the tender years exception nor Pa.R.E. 106 were met?

Appellant's Brief at 5.

## Discussion

In reviewing Appellant's challenge to the admission of evidence, we recognize,

admissibility of evidence is a matter for the discretion of the trial court and a ruling thereon will be reversed on appeal only upon a showing that the trial court committed an abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a

- 8 -

result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

***Commonwealth v. Johnson***, 42 A.3d 1017, 1027 (Pa. 2012) (citations omitted).

## I. Tender Years Exception

Appellant argues the trial court

abused its discretion in allowing the Commonwealth to play the entirety of [the Victim's] forensic interview over defense objection. … The Commonwealth did not meet the requirements of the Tender Years Statute, as the [t]rial [c]ourt did not hold an *in camera* hearing to find that the evidence was relevant and the circumstances provided significant indicia of reliability.

Appellant's Brief at 13; ***see also id.*** at 13-20.

The Tender Years Act, codified at 42 Pa.C.S.A. § 5981-5988, creates an exception to the general rule against hearsay for a statement made by a child. At the time of Appellant's trial, the exception applied to children who were twelve or younger at the time of the statement. 42 Pa.C.S.A. § 5985.1(a).[3] The Act permits a party, in "any criminal or civil proceeding," to introduce into evidence otherwise inadmissible, out-of-court statements by a child victim or witness. ***See id.; see also Commonwealth v. Fink***, 791 A.2d 1235, 1248 (Pa. Super. 2002) ("The tender years exception allows for the admission of a

---

[3] The statute was amended, effective August 30, 2021, to extend the hearsay exception for a child "who is **sixteen** years old or younger at the time of the statement." 42 Pa.C.S.A. § 5985.1(a) (emphasis added).

child's out-of-court statement due to the fragile nature of young victims of sexual abuse.").

Statements may be introduced into evidence if:

(1) the court finds, in an *in camera* hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) the child either:

(i) testifies at the proceeding; or

(ii) is unavailable as a witness.

42 Pa.C.S.A. § 5985.1(a). The factors to be considered by the trial court include:

(1) the spontaneity and consistent repetition of the statement(s); (2) the mental state of the declarant; (3) the use of terminology unexpected of a child of similar age; and (4) the lack of motive to fabricate.

***Commonwealth v. Hunzer***, 868 A.2d 498, 510 (Pa. Super. 2005) (citation omitted).

Here, the Commonwealth properly filed pretrial notice of its intent to introduce the forensic interview pursuant to Section 5985.1(b). Appellant understood the Commonwealth intended to proceed under the Tender Years Act. However, Appellant did not file either a motion *in limine* or request a tender years hearing. The trial court subsequently conducted an *in camera* hearing to assess the Victim's competency to testify at trial. ***See*** N.T., 2/25-26/19, at 33-40. Notably, "a child's competency to testify as a witness under Rule 601 is a distinct issue from the admissibility of a child's out-of-court

statements under the [Tender Years Act]." ***Commonwealth v. Walter***, 93 A.3d 442, 452 (Pa. 2014) (under "the plain language of the [Tender Years Act], there is no requirement that a child victim be deemed competent under Rule 601 before the child's statements may be admitted into evidence").

As detailed above, Appellant did not argue the forensic interview was inadmissible under the tender years exception and did not request a tender years hearing or otherwise preserve the issue. Appellant first challenged the trial court's failure to hold a tender years hearing in his Rule 1925(b) statement.[4] Concise Statement of Errors Complained of on Appeal, 9/16/19, at 2 (unnumbered).

_____

[4] On appeal, Appellant abandoned his preserved constitutional challenge to the tender years exception and his claim of improper bolstering. ***See*** Appellant's Brief at 5; ***Cf.*** Concise Statement of Errors Complained of on Appeal, 9/16/19. In addition, Appellant seemingly waived his appellate argument regarding the trial court's failure to conduct a tender years hearing. "It is well-established that [a] party complaining, on appeal, of the admission of evidence in the court below will be confined to the specific objection there made. **If counsel states the grounds for an objection, then all other unspecified grounds are waived and cannot be raised for the first time on appeal.**" ***Commonwealth v. McGriff***, 160 A.3d 863, 871-72 (Pa. Super. 2017) (emphasis added). "[O]ne must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter." ***Keffer v. Bob Nolan's Auto Service, Inc.***, 59 A.3d 621, 645 (Pa. Super. 2012); ***see also Commonwealth v. Baumhammers***, 960 A.2d 59, 73 (Pa. 2008) (to preserve issue for appellate purposes, party must make timely and specific objection to ensure the trial court has opportunity to correct alleged error). It is well-settled that issues raised for the first time in a Rule 1925(b) statement are waived. ***Commonwealth v. Coleman***, 19 A.3d 1111, 1118 (Pa. Super. 2011); Pa.R.A.P. 302(a).
*(Footnote Continued Next Page)*

Procedural considerations aside, the Superior Court must follow the Supreme Court's mandates. *Walnut St. Assocs., Inc. v. Brokerage Concepts, Inc.*, 20 A.3d 468, 480 (Pa. 2011). We therefore examine whether the forensic interview was admissible under the tender years exception to the hearsay rule.

Our review of the record reveals Appellant would not have prevailed even if he had properly litigated his opposition to the video's admission under the tender years exception. A court may admit a child-victim's out-of-court statement for the truth of the matter asserted when the evidence is relevant, "the time, content and circumstances of the statement provide sufficient indicia of reliability," and the child testifies at the proceeding. 42 Pa.C.S.A. § 5985.1(a)(1)(i)-(ii)(A). Here, the Victim was eight years old; the video was recorded approximately one month after the Victim reported the crimes; and the content was relevant because the Victim described Appellant's crimes to a trained professional, who conducted the interview at Mercy Hospital's Child

---

At oral argument, Appellant indicated he preserved the tender years hearing issue before the trial court, and directed our attention to the notes of testimony at pages 113-16. Our review reveals that at pages 113-14, Appellant challenged the admission of the forensic interview because it violated the Confrontation Clause and improperly bolstered the Commonwealth's case. N.T., 2/25-26/19, at 113-16. Appellant repeated these objections at page 115. *See id.* On page 116, Appellant objected to the proposed distribution of a transcription of the video to the jury, which the trial court sustained. *Id*. Thus, the record belies Appellant's claim regarding his objection to the court's failure to conduct a tender years hearing.

Advocacy Center, in the presence of Detective Oesterle.[5]  **See** Forensic Interview, 3/19/18; N.T., 2/25-26/19 at 112-15.  The Victim's statements in the video were consistent with his trial testimony.  **See Wilson**, 240 A.3d 918 (unpublished memorandum at *4) (agreeing with the Commonwealth that statements challenged by Appellant "were substantially similar to [the Victim's] trial testimony.").  Accordingly, we would discern no abuse of discretion by the trial court in admitting the forensic interview under the tender years exception to the hearsay rule.[6]

## II.  Pennsylvania R.E. 106 in light of *Commonwealth v. Raboin*, 258 A.3d 412 (Pa. 2021)

Appellant also argues the video of the forensic interview was improperly admitted under Pa.R.E. 106.  The Rule states:

> **Rule 106. Remainder of or Related Writings or Recorded Statements**

---

[5] The Victim was eight years old when he reported Appellant's abuse, which occurred when the Victim "was seven and eight years old."  **See Wilson**, **supra** at *1.  The forensic interview was conducted approximately one month after the Victim reported the abuse.  The Victim used age-appropriate language to describe Appellant's actions, with "terminology unexpected" of an eight-year-old child.  **Hunzer**, **supra**.  Appellant offered no credible motive for the Victim to fabricate his testimony.  **See** N.T., 2/25-26/19, at 106-08.

[6] We agree with the Commonwealth "that although the trial court did not explicitly conduct an assessment of the reliability or relevancy of the [V]ictim's statement, the record suggests that these factors were fulfilled to the court's satisfaction, and the interview was thus admissible under the Tender Years Hearsay Act."  Commonwealth Brief at 12.

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time.

Pa.R.E. 106.

Again, Appellant did not preserve this issue. For example, he did not raise a Rule 106 argument in his Rule 1925(b) statement, or object on this basis at trial.[7] **See also Wilson**, 240 A.3d 918 (unpublished memorandum at \*4) (finding Appellant waived issue by failing to object at trial, but stating, "In any event, we would conclude that the admission of [the Victim's forensic] interview was not so far removed from [the Victim's] testimony as to violate Rule 106's requirement that the evidence should be admitted contemporaneously."). The prior panel also concluded the trial court's admission of the interview "to provide context," was "sufficient to alert defense counsel that Rule 106 was the basis" for the court's admission of the video. **Id.**[8]

_____

[7] As noted above, the record does not support Appellant's claim at oral argument that he raised the issue before the trial court.

[8] At oral argument, Appellant made the unpreserved and incorrect claim that Rule 106 was not applicable because it applies to writings and not videos. Video of a child's forensic interview is admissible under Rule 106. **See Commonwealth v. Bond**, 190 A.3d 664, 674 (Pa. Super. 2018) (Commonwealth argument that it was "important for the jury to view the video … supports its admission under Rule 106.").

Waiver notwithstanding, the Pennsylvania Supreme Court has instructed that we consider the trial court's admission of the video "in light of *Commonwealth v. Raboin*." *Commonwealth v. Wilson*, 272 A.3d 446 (Pa. 2022); *Walnut St. Assocs., Inc., supra* (Superior Court must follow Supreme Court mandates).

The Supreme Court decided *Raboin* on September 7, 2021, one year after the prior panel of this Court issued its decision in this case. In *Raboin*, the Supreme Court held that nearly all of a child sexual assault victim's forensic interview was improperly admitted "in rebuttal pursuant to Pennsylvania Rule of Evidence 106." *Raboin*, 258 A.3d at 414. Justice Mundy, writing for the Majority, explained that Rule 106 is "commonly referred to as the 'rule of completeness,'" *id.* at 422, and observed:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time.
>
> *Comment:* This rule is identical to F.R.E. 106. A similar principle is expressed in Pa.R.C.P. No. 4020(a)(4), which states: "If only part of a deposition is offered in evidence by a party, any other party may require the offering party to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts."
>
> **The purpose of Pa.R.E. 106 is to give the adverse party an opportunity to correct a misleading impression that may be created by the use of a part of a writing or recorded statement that may be taken out of context.** This rule gives the adverse party the opportunity to correct the misleading

- 15 -

> impression at the time that the evidence is introduced. The trial court has discretion to decide whether other parts, or other writings or recorded statements, ought in fairness to be considered contemporaneously with the proffered part.

*Id.* (citation omitted, emphasis added).

In **Raboin**, the appellant was convicted of numerous crimes as a result of sexually abusing his girlfriend's daughter, "sometime between kindergarten and second grade." **Raboin**, 258 A.3d at 415. The victim reported the assaults after the appellant moved out of the home. The victim participated in a videotaped forensic interview, which was observed by a police detective behind a one-way mirror. Both the victim and the detective testified at trial. The appellant's attorney cross-examined the victim, and attempted to establish inconsistencies between the victim's forensic interview and her trial testimony. **Id.** Thereafter, the appellant testified in his defense and denied the allegations. The Commonwealth asked to play the forensic interview in rebuttal, on the basis that the video constituted a prior consistent statement under Pa.R.E. 613(c)(1). **Id.** The appellant objected.

> Following a lengthy in-chambers discussion involving specific objections to portions of the forensic interview, the trial court largely permitted its introduction, aside from several pages that the court reasoned were hearsay. The trial court's rationale for allowing introduction of the forensic interview was that it constituted a prior consistent statement and rehabilitative evidence.

*Id.*

The jury convicted the appellant of numerous sex crimes, and the trial court sentenced him to 168 – 416 months in prison. Appellant appealed to this Court, challenging the admission of the forensic video as a prior consistent statement. *Id.* at 416. We affirmed on the basis that "admission of the actual video was cumulative and harmless." *Id.* We "further concluded that the video was admissible under Rule 106," and explained that "[g]iven the extent to which defense counsel relied on the [video] during her cross-examination of the victim, the prosecution was entitled to introduce [the victim's] entire account of the assault in order to provide full context." *Id.* The appellant successfully appealed to the Pennsylvania Supreme Court. The appellant claimed the admission of the forensic interview was not harmless "beyond a reasonable doubt under any of the categories identified by our case law." *Id.* at 421.

In considering the appellant's claim, the Pennsylvania Supreme Court held that the party introducing the statement does not have to introduce the writing or recording into evidence to trigger Rule 106. *Raboin*, 258 A.3d at 422. Rather, the party "must create a misleading impression, thereby permitting the adverse party to seek admission of all or part of that or another writing or recording in order to preserve context." *Id.* at 423. While the admission need not be simultaneous, the evidence should "come in at **or near** the time of the defense counsel's questioning of the victim or the detective," *i.e.*, near the time when the party mentions the writing or recording. *Id.*

(emphasis added). The Supreme Court further recognized "that Rule 106 neither precludes nor mandates the blanket introduction of all correspondence or related writing." *Id.* The Court continued:

> Rule 106 therefore merely allows introduction of that necessary to correct the misleading impression. Instantly, the trial court permitted the Commonwealth to present all but roughly two pages of the more than forty page forensic interview transcription, although this decision was based on the understanding that the interview was a prior consistent statement. Although some of the interview served to correct the misleading impression created during defense counsel's cross-examination of the victim and detective, the vast majority of it did not. For these reasons, we conclude that the trial court erred in admitting nearly all of the victim's forensic interview pursuant to Rule 106.

*Raboin*, 258 A.3d at 423–24.

The Supreme Court in *Raboin* found "clear violations of Rule 106 and its purpose," and remanded the case to this Court "to address the admissibility of the forensic interview under Rule 613(c)."[9] *Id.* at 24 (footnote omitted).

---

[9] On remand, we vacated the judgment of sentence and remanded the case for a new trial, explaining we could not

> conclude that the erroneous admission of the forensic interview did not prejudice [appellant] or that any prejudice was *de minimis.* The forensic interview (which consisted of forty-two pages) was not introduced until the rebuttal phase of trial. Therefore, the interview video was the last thing that the jury saw before it received instructions and debated whether the Commonwealth met its burden. Moreover, because the rebuttal took place three days after the victim's testimony, whatever effect [defense counsel's] cross-examination of the victim had would be diminished by viewing a testimonial videotape that was not subject to rebuttal or cross-examination.

*(Footnote Continued Next Page)*

After careful consideration, we find **Raboin** distinguishable. In **Raboin**, the Commonwealth introduced the forensic interview on rebuttal. Here, the Commonwealth did not offer rebuttal. Rather, the Commonwealth sought admission of the forensic interview as soon as practicable, and the video was played very close in time to Defense Counsel's cross-examination of the Victim (who testified in chambers), and immediately after cross-examination of Detective Oesterle.

Appellant downplays the "misleading impression" that resulted when he questioned the Victim about the video. **See** Appellant's Brief at 21, 28-31. As detailed above, Defense Counsel referenced the video during cross-examination of the Victim. **See, e.g.**, N.T., 2/25-26/19, at 90-91 ("do you remember going to an interview where there was a glass wall?"). Defense Counsel also asked the Victim if "there [were] other things that you said during that interview that are not true?" **Id.** Defense Counsel implied the Victim was not credible because his statements in the video were at odds with his trial testimony.

The Commonwealth was required to respond in "a timely fashion." **Raboin**, 254 A.3d at 423. The Supreme Court, in discussing "temporal and fairness requirements" requiring "that the responsive evidence be introduced

---

**Commonwealth v. Raboin**, 270 A.3d 1158 (Pa. Super. Dec. 22, 2021) (unpublished memorandum at *7).

'at the same time' as the proffered evidence," did not delineate a time requirement, recognizing, "we do not . . . mean the simultaneous introduction of evidence." *Id.* However, to comply with Rule 106, the evidence should come in "at or near the time of defense counsel's questioning[.]" *Id.*

Here, the parties agreed the Victim would not testify in the courtroom, but by telecast from chambers. Appellant and the jury remained in the courtroom. The Commonwealth introduced the video at the first feasible (and prudent) opportunity, during direct examination of Detective Oesterle when testimony resumed in the courtroom. Under these circumstances, we cannot conclude the admission of the video violated the Rule 106 timing requirement.

In addition, the forensic interview was relevant. The trial court admitted the entire interview so the Victim's statements could be "**heard in the context of the full interview**." Trial Court Opinion, 9/19/19, at 6 (emphasis added); *see also* N.T., 2/25-26/19, at 114 (trial court stating that entire video was admissible for the jury to consider the Victim's testimony "in context"). As the Commonwealth states, "[u]nlike the circumstances of *Raboin*, where the trial court permitted the Commonwealth to introduce all but two pages of an approximately 40-page transcription, **there was no transcript given to the jury in this case at all. The entire video is 20 minutes long, [and] depicts a low-pressure dialogue between the [V]ictim and an interviewer**[.]" Commonwealth Brief at 28 (emphasis added, citation omitted).

- 20 -

Finally, even if the trial court erred in admitting the forensic interview, the error would be harmless. The harmless error doctrine "reflects the reality that the accused is entitled to a fair trial, not a perfect trial." *Commonwealth v. Hairston*, 84 A.3d 657, 671 (Pa. 2014). Further:

> Harmless error exists if the record demonstrates either: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Id.* at 671–72. The Pennsylvania Supreme Court and this Court have repeatedly recognized that an error "will be deemed harmless where the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict." *See, e.g.*, *Commonwealth v. Mitchell*, 902 A.2d 430, 452 (Pa. 2006); *Commonwealth v. Lively*, 231 A.3d 1003, 1009 (Pa. Super. 2020).

The Pennsylvania Supreme Court, quoting the United States Supreme Court, has emphasized:

> The harmless-error doctrine recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence and promotes public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error.

*Commonwealth v. Hamlett*, 234 A.3d 486, 491 (Pa. 2020) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 681, 106 S. Ct. 1431, 1436, 89

- 21 -

L.Ed.2d 674 (1986)). Our Supreme Court observed that the harmless error doctrine functions as a substantive principle of law, and appellate courts may exercise discretion to apply the harmless error doctrine *sua sponte*. **Id.** at 492 ("credit[ing] Justice Baer's salient conclusion [in **Commonwealth v. Hicks**, 156 A.3d 1114, 1140 (Pa. 2017)] that 'sua sponte invocation of the harmless error doctrine is not inappropriate as it does nothing more than affirm a valid judgment of sentence on an alternative basis.'").

The record indicates Appellant received a fair trial, and the admission of the forensic interview was not unfairly prejudicial. Defense Counsel claimed at trial that the video would "improperly bolster" the Commonwealth's case. Upon review, and to the contrary, the video evidence was cumulative of the Commonwealth's case.

The Victim testified at trial that Appellant did "inappropriate stuff." N.T., 2/25-26/19, at 74. He stated he saw Appellant's "front private part," which Appellant used for "bad things." **Id.** at 75. The Victim described Appellant's penis as "black" and "big." **Id.** at 76. The Victim stated Appellant touched his "butt" with his "hard" penis, and did other things which "hurt," and "disgusted" him. **Id.** at 77. The Victim testified that Appellant's penis went inside his butt. **Id.** According to the Victim, "white stuff" came out of Appellant's penis, and on at least one occasion, it "hit" him and he "wiped it off." **Id.** at 78. Appellant told the Victim the activity was "a secret." **Id.** at 79.

In the video of the forensic interview, the Victim stated "bad stuff" happened. Forensic Interview, 3/19/18, at 5:57, 6:05. He described the "bad stuff" as "sexual stuff." *Id.* at 6:17. The Victim said Appellant put his penis in his butt and it hurt; Appellant told the Victim that Appellant's actions were "a secret." *Id.* at 7:14, 7:18, 8:11-8:30, 10:00. The Victim stated he saw clear, watery stuff coming out of Appellant's penis. *Id.* at 12:54-12:29, 15.24. According to the Victim, he wiped it off when it went onto his leg. *Id.* at 13:18, 15:30.

As reflected above, the Victim's statements during the forensic interview were cumulative and "substantially similar" to his trial testimony. *Hairston*, *supra*. Thus, any error in the admission of the video would be harmless.

Judgment of sentence affirmed.

Judge McLaughlin joins the opinion.

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2022

- 23 -