2024 PA Super 105

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA ROBERT COPENHAVER | : | |
| | : | |
| Appellant | : | No. 854 MDA 2022 |

Appeal from the Judgment of Sentence Entered April 19, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001075-2021

BEFORE:   STABILE, J., NICHOLS, J., and STEVENS, P.J.E.*

OPINION BY STABILE, J.:                          **FILED: MAY 22, 2024**

Appellant, Joshua Robert Copenhaver, appeals from his judgment of sentence of fifteen to thirty years' imprisonment for multiple sexual offenses against his daughters, K.G. and C.C.  Counsel for Appellant filed a brief and an application to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1969), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  In an unpublished decision on July 17, 2023, we held that Appellant's first issue, a challenge to the sufficiency of the evidence, was frivolous.  However, we found Appellant's second issue—whether the court properly admitted K.G.'s out-of-court statement about what C.C. told her under the "tender years" exception to the hearsay rule embodied in 42 Pa.C.S.A. § 5985.1—was non-frivolous.  Accordingly, we remanded to the trial court for further proceedings on the tender years issue and denied counsel's application to withdraw.

---

* Former Justice specially assigned to the Superior Court.

On September 19, 2023, the trial court filed a supplemental opinion that K.G.'s out-of-court statement was admissible under Section 5985.1. Having reviewed the record, the trial court's supplemental opinion, and Appellant's brief,[1] we conclude that the trial court abused its discretion by admitting several portions of K.G.'s statement into evidence. Nevertheless, we conclude that this error was harmless, and therefore, affirm Appellant's judgment of sentence.

The criminal information against Appellant alleged that between January 27, 2019 and January 7, 2021, he committed rape of a child, solicitation of rape of a child, involuntary deviate sexual intercourse ("IDSI") with a minor, production of child pornography, solicitation of production of child pornography, depicting sex acts on a computer, solicitation to depict sex acts on a computer, indecent assault, corruption of minors and serving liquor or malt or brewed beverages to minors. Prior to trial, the Commonwealth filed a motion to admit statements that K.G. and C.C. made on February 11, 2021, during interviews at the York County Child Advocacy Center ("CAC"). K.G. and C.C. were eleven and twelve years old, respectively, at the time of these statements. A CAC forensic interviewer, Lauren Carter, questioned K.G. and C.C. separately, and both interviews were recorded on closed circuit television.

_____

[1] While we do not condone the late filing of Appellant's brief, we will accept it for filing, since we do not find that Appellant's tardiness has impeded appellate review, and the Commonwealth has not claimed prejudice. In addition, we do not condone the fact that the Commonwealth's responsive brief was untimely filed without requesting any extension from this Court, and at that, almost two months after Appellant's brief.

The Commonwealth asserted that these statements were admissible under Section 5985.1, the "tender years" exception to the hearsay rule.

On May 14, 2021, the court convened an evidentiary hearing on the tender years issue. The CAC interviewer was the lone witness. After viewing a videotape of both interviews, the court admitted the interviewer's reports of the interviews into evidence. K.G. told the interviewer that C.C. said the following to K.G.: (1) Appellant and C.C. went down to the basement, where Appellant told C.C. to undress; (2) Appellant bribed C.C. to show him her body; (3) C.C. told her stepmother about Appellant's acts, but her stepmother did not believe her. Appellant contended that K.G.'s statement to the interviewer about what C.C. told K.G. constituted inadmissible hearsay. N.T., 5/14/21, at 21-23. The Commonwealth responded that K.G.'s statements were admissible under the tender years exception in Section 5895.1. *Id.* at 25. The court reasoned that the contents of K.G.'s statement were reliable, and that her entire videotaped statement was admissible if she were called to testify during trial. *Id.* at 26-28. The court also ruled that C.C.'s videotaped interview was admissible. *Id.* at 28.

In September 2021, Appellant proceeded to a jury trial in which C.C. and K.G. testified about Appellant's offenses. The jury also saw K.G.'s and C.C.'s videotaped statements to the CAC interviewer. Appellant's sister-in-law testified that Appellant became suicidal as a result of the criminal investigation into his offenses. She testified that Appellant told her that he purchased a shotgun to take his life or would drive his car off the road.

Similarly, Appellant's father-in-law testified that Appellant told him that he would kill himself. After Appellant's arrest, his father-in-law discovered a loaded shotgun under a seat in Appellant's car. A York County detective testified that Appellant admitted taking nude photographs of his daughters but then deleting them from his phone. Appellant also gave a statement to a detective, Commonwealth Exhibit 16, implying that he had sexual contact with one of his daughters. At the conclusion of trial, the jury found Appellant guilty of all charges.

Appellant's February 6, 2024, brief raises a single issue, "Whether the trial court erred in granting the Commonwealth's motion to admit hearsay through the Tender Years exception where there were questions regarding double hearsay and relevance?"

Section 5985.1 of our Judicial Code, referred to as the "tender years" exception to the hearsay rule, provides as follows:

**§ 5985.1. Admissibility of certain statements**

**(a)  General rule.**

(1) An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12[2] years of age or younger, describing any of the offenses enumerated in paragraph (2) [including, *inter alia*, 18 Pa.C.S.A. § 6312(b)], not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

---

[2] We note that in 2021, our Legislature amended subsection (a) of this statute to increase the age limit from 12 to 16 years of age or younger. *See* Act of June 30, 2021, P.L. 172, No. 29, effective in 60 days.

> (i) the court finds, in an *in camera* hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
>
> (ii) the child either:
>
>> (A) testifies at the proceeding; or
>>
>> (B) is unavailable as a witness.

42 Pa.C.S.A. § 5985.1(a). It is undisputed that Section 5985.1 could be applied to the hearsay statements of K.G. and C.C., as K.G. qualified as a child witness and C.C. qualified as a child victim. Statements admitted under this section are substantive evidence against the defendant. ***Commonwealth v. Bond***, 190 A.3d 664, 669 n.3 (Pa. Super. 2018). We review the trial court's decision to admit evidence under the tender years statute for abuse of discretion. ***Commonwealth v. Curley***, 910 A.2d 692, 697 (Pa. Super. 2006).

In its supplemental 1925(a) opinion, the trial court concluded that it properly admitted K.G.'s videotaped interview with the CAC interviewer under Section 5985.1. Appellant challenges three statements within this interview:

(1) K.G.'s statement to the interviewer that C.C. told K.G. that Appellant took C.C. down to the basement and told C.C. to undress;

(2) K.G.'s statement to the interviewer that C.C. told K.G. that Appellant bribed C.C. to show him her body; and

(3) K.G.'s statement to the interviewer that C.C. told K.G. that C.C. reported Appellant's conduct to her mother.

Examination of each of these three statements reveals that all contain multiple layers of hearsay. In addition to K.G.'s statement having to satisfy Section

5985.1's exception to the hearsay rule, every other layer of hearsay within K.G.'s statement had to likewise satisfy an exception to the rule against hearsay to be admitted as a part of K.G.'s statement. *See Commonwealth v. Laich*, 777 A.2d 1057, 1060 (Pa. 2001); Pa.R.E. 805 (hearsay within hearsay is not excluded if each part of a combined statement conforms with an exception to the rule); *Commonwealth v. Savage*, 157 A.3d 519, 524-25 (Pa. Super. 2017) (where business records that otherwise would be admissible under exception to hearsay rule contains hearsay, it is double hearsay, and underlying hearsay must also qualify as a hearsay exception for a court to admit that portion of the business record into evidence).

Statement (1) has three layers of hearsay: (a) K.G.'s statement to the interviewer that (b) C.C. told K.G. that Appellant took C.C. down to the basement, and (c) Appellant told C.C. to undress. In finding statement (1) admissible, the trial court only analyzed the first layer of hearsay, K.G.'s statement to the interviewer under Section 5985.1. The court determined that K.G. was eleven years old and appeared reliable during her videotaped statement. As a result, the court ruled that statement (1) was admissible in its entirety under Section 5985.1. N.T., 5/14/21, at 26-28 (tender years hearing). The court failed, however, to address whether the other layers of hearsay in statement (1) satisfied any hearsay exception. This oversight was significant because the second layer of hearsay, C.C.'s statement to K.G.—the source of K.G.'s statements to the CAC interviewer—was not shown to be

admissible under any other exception to the hearsay rule. Nor did C.C.'s statement to K.G. satisfy Section 5985.1. To be sure, this statement satisfied **some of** the elements in Section 5985.1, namely that (1) C.C. was a victim, (2) C.C. was less than twelve years old at the time of this statement, (3) C.C. testified at trial, and (4) C.C.'s statement was relevant to the charged offense of sexual abuse of children.[3] On the other hand, the statement did not satisfy the element of reliability due to the court's failure to assess whether the "time, content and circumstances" of C.C.'s statement to K.G. "provide[d] sufficient indicia of reliability" to be admissible. 42 Pa.C.S.A. § 5985.1(a)(1). While the court found C.C.'s videotaped statement to the CAC interviewer reliable and admissible, Supplemental Opinion at 4, it made no similar findings as to the statements by C.C. to K.G. that are embedded within K.G.'s videotaped

_____

[3] Sexual abuse of children is a crime under 18 Pa.C.S.A. § 6312(b), which provides, "Any person who causes or knowingly permits a child under the age of 18 years to engage in a prohibited sexual act or in the simulation of such act commits an offense if such person knows, has reason to know or intends that such act may be photographed . . . ." A "prohibited sexual act" includes "lewd exhibition of the genitals or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction." The information against Appellant charged him with violating Section 6312(b) by "causing . . . a child under the age of 18 years, namely, C.C., to engage in a prohibited sexual act or in the simulation of such act, namely, posing in various positions while exposing her vagina and breasts, and knew, had reason to know or intended that such act may be photographed . . . ." Information, 4/7/21, at 1. C.C.'s statement to K.G. was relevant to demonstrate that Appellant induced C.C. to engage in a "prohibited sexual act," specifically lude exhibition of her genitals for the purpose of Appellant's sexual stimulation or gratification, by taking C.C. to the basement and directing her to undress.

statement. Because this layer of hearsay was inadmissible, and because this layer was the source of the first layer of hearsay (K.G.'s statement to the CAC interviewer), we conclude that the trial court abused its discretion by permitting statement (1) into evidence.[4] **Laich**, **Savage**, **supra.**

For the same reason, statement (2) was inadmissible. Statement (2) has two layers of hearsay; K.G.'s videotaped statement to the CAC interviewer and C.C.'s statement to K.G. that Appellant bribed C.C. to show him her body. The court only analyzed the admissibility of the first layer of hearsay, K.G.'s statement to the interviewer, but failed to assess the admissibility of the second layer, C.C.'s statement to K.G. and no demonstration was made that the statement otherwise qualified under any other hearsay exception. Nor was it admissible under Section 5985.1 due to the court's failure to assess the reliability of C.C.'s statements to K.G. that are embedded within K.G.'s videotaped statement.

Statement (3) also is inadmissible. It too has two levels of hearsay: (a) K.G.'s statement to the interviewer that (b) C.C. told K.G. that C.C. reported Appellant's conduct to her mother. The court analyzed the admissibility of the first layer of hearsay, K.G.'s statement to the interviewer, but failed to assess

_____

[4] For the sake of completeness, we note that the third layer of hearsay in Statement (1), Appellant's instruction for C.C. to undress, was admissible under the hearsay exception in Pa.R.E. 803(25) as a statement of a party opponent. Even so, the inadmissibility of the second layer of hearsay made it impossible to admit the third layer into evidence.

the admissibility of the second layer, C.C.'s statement to K.G. The second layer failed the test for admissibility for the same reasons as statements (1) and (2).

Although the court abused its discretion by admitting into evidence the challenged statements within portions of K.G.'s videotaped interview, we agree that any purported error was harmless.

The harmless error doctrine "reflects the reality that the accused is entitled to a fair trial, not a perfect trial." **Commonwealth v. Wilson**, 286 A.3d 1288, 1300 (Pa. Super. 2022). Further, harmless error exists if the record demonstrates, *inter alia*, that "the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence," or that "the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict." **Id.** An error "will be deemed harmless where the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict." **Id.** at 1300-01. This doctrine "recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence and promotes public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error." **Id.**

at 1301. Moreover, this doctrine functions as a substantive principle of law, and appellate courts may apply it *sua sponte*. ***Id.***

Appellant argues in his February 6, 2024 brief that K.G.'s videotaped statements were prejudicial because they could have swayed the jury to give more weight to C.C.'s statements on the witness stand. Appellant's Brief at 15-16. We disagree. Statements (1) and (2) were cumulative of and substantially similar to C.C.'s untainted testimony during trial that she told K.G. about Appellant's acts, Appellant made her take her clothes off, Appellant photographed her in the nude, and Appellant promised to buy her things if she complied. N.T., 9/13/21, at 91-92, 99, 102. In addition, Statements (1) and (2) were substantially similar to K.G.'s untainted testimony during trial that K.G. saw Appellant direct C.C. to remove her clothes, and C.C. told K.G. that Appellant touched C.C. in inappropriate places. ***Id.*** at 121-123. Statement (3) is cumulative of and substantially similar to other untainted testimony by C.C. during trial that she told her mother about Appellant's conduct. ***Id.*** at 109.

Other evidence unrelated to K.G.'s statements provided overwhelming evidence of Appellant's guilt. Appellant's sister-in-law and father-in-law both testified that Appellant threatened to kill himself as a result of the criminal investigation, and Appellant's father-in-law discovered a loaded shotgun in Appellant's car. A detective testified that Appellant admitted taking nude photographs of his daughters but then deleting them from his phone.

Appellant also gave a statement to a detective implying that he had sexual contact with one of his daughters. Given the overwhelming evidence that established Appellant's guilt, irrespective of the challenged statements in K.G.'s videotaped interview, we conclude that beyond a reasonable doubt that any error committed in admitting the challenged statements could not have contributed to the verdict.

For these reasons, Appellant's tender years issue does not entitle him to relief. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Application for second extension of time within which to file Appellant's brief granted.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/22/2024