J-A21041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                   :          PENNSYLVANIA
                                                   :
          v.                      :
                                                   :
DAVID RAY LOPEZ              :
                                                 :
          Appellant            :    No. 1501 MDA 2024

Appeal from the Judgment of Sentence Entered August 26, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001808-2023

BEFORE: PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:     **FILED: SEPTEMBER 25, 2025**

David Ray Lopez appeals from the August 26, 2024 aggregate judgment of sentence of 5 to 10 years' imprisonment imposed after a jury found him guilty of statutory sexual assault, unlawful contact with a minor, corruption of minors, and indecent assault.[1] Appellant was also ordered to pay restitution in the amount of $1,442.00. After careful review, we affirm the judgment of sentence.

The relevant facts of this case, as gleaned from the certified record, are as follows: In May 2022, 33-year-old Appellant began having sexual intercourse with the minor victim, who was 15 years' old at the time.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3122.1(b), 6318(a)(1), 6301(a)(1)(ii), and 3126(a)(8), respectively.

Appellant was a long-time friend of the victim's parents and was living in their home when these offenses occurred. Notes of testimony, 3/20/24 at 96-97, 104-112.

The victim first disclosed through text messages to her mother, Pvothyda Therng, that Appellant had been touching her in May 2022. The victim's parents confronted both Appellant and the victim. As a result of the confrontation and not wanting Appellant to be kicked out of the home, the victim initially told her parents that she lied. The victim and Appellant continued to have sexual intercourse through August 2022. During a sleep over, the victim disclosed the sexual contact to Appellant's daughter, but later claimed to have lied when confronted by the girl's mother. Thereafter, on September 17, 2022, the victim texted her mother's friend, Jamie Taylor, and disclosed to her that she and Appellant had been sexually active. Taylor informed the victim's parents, who once again confronted Appellant and he subsequently left the home. *Id.* at 112-120, 134-138.

On September 19, 2022, the victim's mother reported these incidents to the Manheim Township Police. Officer Troy Hikins responded to the residence and the victim informed him that she had sexual intercourse with Appellant approximately 20 times between May and August 2022. The victim indicated that the contact started with Appellant coming up to her room while she was sleeping and rubbing her legs, but eventually escalated to sexual intercourse. The victim further testified that she and Appellant often

- 2 -

communicated through Facebook Messenger and that she would delete the messages afterwards. *Id.* at 122-123, 159-162, 164, 169.

On September 26, 2022, the victim also participated in a video-taped interview with Kimberly Hine, a forensic interviewer at the Lancaster County Children's Alliance. During the course of the forensic interview, the victim indicated that the Facebook account that Appellant used to message her utilized the name "Red Knucks." Mean Man, the victim's father, also testified that Appellant utilized a laptop belonging to the victim's parents and was known to use a Facebook account with the name "Red Knuck." Additionally, the victim's phone contained evidence that a Facebook account with the name "Red Knucks" contacted her multiple times between August 13 and September 13, 2022. Notes of testimony, 3/21/24 at 244-250, 287, 334, 340; notes of testimony, 3/22/24 at 379.

On April 6, 2023, Appellant was arrested and charged with statutory sexual assault, unlawful contact with a minor, corruption of minors, and indecent assault. Appellant proceeded to a jury trial before the Honorable Dennis E. Reinaker on March 20, 2024. Following a three-day jury trial, Appellant was found guilty of the aforementioned offenses. As noted, Appellant was sentenced to 5 to 10 years' imprisonment, and ordered to pay restitution in the amount of $1,442.00, on August 26, 2024. Appellant filed

timely post-sentence motions that were denied by the trial court on September 11, 2024. This timely appeal followed on October 10, 2024.[2]

Appellant raises the following issues for our review:

> 1. Whether the trial court erred in granting the Commonwealth's petition to admit [the victim's] out-of-court statements to [her mother,] Provthyda Therng, … Jamie Beck [(formerly Jamie Taylor)], Officer Troy Hikins, and Kimberly Hine, including their video-taped interview, under the "Tender Years Hearsay Exception" to be considered as substantive evidence[?]
>
> 2. Whether the trial court erred in denying [Appellant's] post-sentence motion for a new trial challenging the verdict as being against the weight of the evidence[?]
>
> 3. Whether the trial court erred in allowing evidence to be admitted involving the "Red Knucks" Facebook account and its owner where it was not properly authenticated as belonging to [Appellant][?]

Appellant's brief at 10 (footnote and extraneous capitalization omitted).

Appellant first argues that the trial court erred in admitting the minor victim's out-of-court statements to her mother, family friend Taylor, Officer Hikins, and Forensic Interviewer Hine pursuant to the Tender Years exception to the hearsay rule. *Id.* at 15.

"Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the court's

---

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

decision on such a question absent a clear abuse of discretion." *Commonwealth v. Crosley*, 180 A.3d 761, 768 (Pa.Super. 2018) (citation omitted), *appeal denied*, 195 A.3d 166 (Pa. 2018). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa.Super. 2017) (citation omitted), *appeal denied*, 184 A.3d 944 (Pa. 2018).

Hearsay is an out-of-court statement admitted to prove the "truth of the matter asserted in the statement." Pa.R.E. 801(c). Generally, an out-of-court statement is inadmissible at trial unless it falls into one of the exceptions to the hearsay rule. Pa.R.E. 802. One exception to the hearsay rule is the Tender Years exception. 42 Pa.C.S.A. § 5985.1; *see also Commonwealth v. Wilson*, 286 A.3d 1288, 1295 (Pa.Super. 2022) (noting that the tender years exception "creates an exception to the general rule against hearsay for a statement made by a child"), *appeal denied*, 300 A.3d 322 (Pa. 2023). "Statements admitted under this section are substantive evidence against the defendant." *Commonwealth v. Copenhaver*, 316 A.3d 1020, 1023 (Pa.Super. 2024), *appeal denied*, 330 A.3d 1248 (Pa. 2024). "[This Court] will not reverse the trial court's decision to admit evidence pursuant to the [T]ender [Y]ears statute absent an abuse of discretion." *Commonwealth v.*

*Curley*, 910 A.2d 692, 697 (Pa.Super. 2006), *appeal denied*, 927 A.2d 622 (Pa. 2007).

Pennsylvania's Tender Years statute provides, in relevant part, as follows:

> (1) An out-of-court statement made by a child victim or witness, who at the time the statement was made was 16 years of age or younger, describing any of the offenses enumerated in paragraph (2), not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:
>
> (i) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
>
> (ii) the child either:
>
> (A) testifies at the proceeding; or
>
> (B) is unavailable as a witness.

42 Pa.C.S.A. § 5985.1(a)(1).

The Tender Years exception provides for the admissibility of a hearsay statement "when it has sufficient indicia of reliability as determined from the time, content, and circumstances of its making." *Commonwealth v. O'Drain*, 829 A.2d 316, 320 (Pa.Super. 2003) (citation omitted). Factors to consider when determining whether an indicia of reliability exists include "the spontaneity of the statements, consistency in repetition, the mental state of the declarant, use of terms unexpected in children of that age, and the lack

of a motive to fabricate." ***Commonwealth v. Strafford***, 194 A.3d 168, 173 (Pa.Super. 2018) (brackets and citation omitted).

Instantly, our review of the testimony presented at the March 19, 2024 Tender Years hearing reveals that the time, content, and circumstances of the victim's out-of-court statements provide sufficient indicia of reliability, sufficient to warrant their admission under the Tender Years exception to the hearsay rule. As recognized by the trial court, the evidence presented demonstrated that the victim's statements to each witness were spontaneous, unprompted, and consistent with her reported upset emotional state at the time she was making them. There was also no evidence presented at the hearing that the victim had any motive to fabricate the accusations against Appellant. Additionally, each of the victim's statements to the four witnesses were consistent as to time, place, and substance, and she reliably described what occurred in her own words without any leading questions. ***See*** trial court opinion, 12/12/24 at 3-4; ***see also*** notes of testimony, 3/19/24 at 7-11, 20-25, 30, 42-44.

Based on the foregoing, we conclude that the trial court did not abuse its discretion in allowing the victim's mother, family friend Taylor, Officer Hikins, and Forensic Interviewer Hine to testify pursuant to the Tender Years exception. Appellant's claims to the contrary are without merit.

Appellant next argues that the verdict was against the weight of the evidence. Appellant's brief at 21-23.

"An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Galvin*, 985 A.2d 783, 793 (Pa. 2009) (citation omitted), *cert. denied*, 559 U.S. 1051 (2010). "[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Miller*, 172 A.3d 632, 643 (Pa.Super. 2017) (citation omitted), *appeal denied*, 183 A.3d 970 (Pa. 2018).

> [W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Shaffer*, 40 A.3d 1250, 1253 (Pa.Super. 2012) (citation omitted).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> . . . .
>
> Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations and emphasis omitted).

Upon review, we find that the trial court did not abuse its discretion in concluding that the jury's verdict was not against the weight of the evidence. "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Andrulewicz*, 911 A.2d 162, 165 (Pa.Super. 2006) (citation omitted), *appeal denied*, 926 A.2d 972 (Pa. 2007).

Here, the jury heard testimony from a number of witnesses at trial, including the victim, her parents, family friend Jamie Taylor, and Officer Hikins. The jury clearly found the testimony presented by the Commonwealth credible and elected not to believe Appellant's version of the events. We are precluded from reweighing the evidence and substituting our judgment for that of the factfinder. *Clay*, 64 A.3d at 1055. Accordingly, Appellant's weight claim must fail.

In his final claim, Appellant argues that "the [t]rial [c]ourt erred in allowing evidence involving the "Red Knucks" Facebook account and its owner where it was not properly authenticated as belonging to [Appellant]." Appellant's brief at 24. We disagree.

This Court has long recognized that for evidence to be admissible, it must be properly authenticated. *Commonwealth v. Talley*, 236 A.3d 42, 59 (Pa.Super. 2020), *affirmed but criticized by*, 265 A.3d 485 (Pa. 2021).

Pennsylvania Rule of Evidence 901 governs authentication and provides, in relevant part, that "to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a). Subsection 901(b)(11) further provides that "[t]o connect digital evidence with a person or entity," there must be:

> (A) direct evidence such as testimony of a person with personal knowledge; or (B) circumstantial evidence such as … (i) identifying content; or (ii) proof of ownership, possession, control, or access to a device or account at the relevant time when corroborated by circumstances indicating authorship.

Pa.R.E. 901(b)(11).

The proponent of digital evidence must only "produce sufficient evidence to support a finding that a particular person or entity was the author." Pa.R.E. 901 Comment. There is no requirement that "[t]he proponent of digital evidence … prove that no one else could be the author." *Id.*; *see also Talley*, 236 A.3d at 60 (stating, "[t]he Commonwealth must provide sufficient evidence from which a factfinder could reasonably ascertain the … identity of the sender and confirmation that the document is what it purports to be…." (citation omitted)).

Here, our review of the record establishes that the Commonwealth presented sufficient circumstantial evidence to authenticate that the Facebook account with the name "Red Knucks" belonged to Appellant and was utilized to communicate with the victim. At trial, the Commonwealth introduced

forensic evidence from the victim's phone and the laptop used by Appellant to corroborate the victim's testimony that she and Appellant communicated through Facebook Messenger and that she would delete the messages afterwards. **See** notes of testimony, 3/20/24 at 122-123. Notably, no specific content from any Facebook account was ever offered into evidence.

The record reflects that the victim indicated during her forensic interview with Kimberly Hine that Appellant communicated with her through a Facebook Messenger account with the name "Red Knucks." Notes of testimony, 3/22/24 at 379; **see also** Commonwealth's Exhibit No. 7. The victim's father also testified that Appellant used a laptop that belonged to the victim's parents and was known to use a Facebook account with the name "Red Knuck." Notes of testimony, 3/21/24 at 287. Detective Greg Wahl, a mobile device and computer forensics expert, testified that his analysis of the laptop in question revealed "artifacts" linked to the name "Red Knucks." **Id.** at 222-224, 250-251. Namely, Detective Wahl he found an email relating to "Red Knucks" that, when performing an internet search, linked the email to a Facebook search that also brought up Appellant's name. **Id.** at 251. Additionally, the victim's phone contained evidence that a Facebook account with the name "Red Knucks" contacted her five times between August 13 and September 13, 2022, and several times on August 22, 2022 between 3:41 a.m. and 3:47 a.m. **Id.** at 249. Lastly, Detective Sarah Goss testified that she conducted a preservation request for the "Red Knucks" Facebook account that the victim

mentioned during her forensics interview, which resulted an account appearing to belong to Appellant: www.facebook.com/David.Lopez.391. Notes of testimony, 3/22/24 at 379-380. Based on the foregoing, Appellant's third claim of trial court error must fail.

For all the foregoing reasons, we affirm the August 26, 2024 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/25/2025